THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STROUDSBURG BOROUGH,

        Plaintiff,

v.                                                          3:21-CV-1572
                                                            (JUDGE MARIANI)
VFG LABAR LLC,

        Defendant.

## MEMORANDUM OPINION

### I. INTRODUCTION

Presently before the Court is Plaintiff's Motion to Remand (Doc. 8) the above-captioned action to the Court of Common Pleas of Monroe County which the Defendant removed on September 13, 2021 (*see* Doc. 1). For the reasons that follow, the Court will grant Plaintiff's Motion.

### II. PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS

On August 11, 2021, Plaintiff, Stroudsburg Borough, filed the above-captioned action in the Court of Common Pleas of Monroe County. The Complaint in Equity (Doc. 1-1) seeks various injunctive relief against Defendant VFG Labar, LLC, "to compel VFG's compliance with the Borough's Ordinances". Defendant thereafter removed the action to federal court on September 13, 2021, pursuant to 28 U.S.C. §§ 1441 and 1446 on the basis of diversity jurisdiction. (Doc. 1). Defendant's Answer was filed on September 22, 2021 (Doc. 6).

On October 12, 2021, Plaintiff timely filed a Motion to Remand (Doc. 8) and supporting brief (Doc. 9). Plaintiff's motion to remand does not contest that the parties are citizens of different states, but instead asserts that the amount in controversy does not meet the $75,000 jurisdictional requirement. Plaintiff's Motion further includes an "Affidavit of Counsel, Joseph P. McDonald, Jr." (Doc. 8, at 8) which states that "[i]f the monetary remedy awarded in this case is $75,000 or more, I agree on behalf of the plaintiff, that it will remit all excess money damages to defendant."

In response to Plaintiff's Motion to Remand, Defendant does not specifically dispute that the amount in controversy, at the time it removed the action to federal court, did not exceed $75,000. (*See generally,* Doc. 12). Instead, Defendant seeks to amend its Answer "to allege a Third-Party Claim against the entity Simpson Glen, the entity whose conduct caused the issues raised in Plaintiff's Complaint" and argues that "incorporation of Defendant's claims . . . will render Plaintiff's Motion moot." (*Id.* at 1) (*see also, id.* at 3, 4, 6 (stating that allowing Defendant to amend its Answer would "thereby satisfy[] the statutory minimum to establish diversity jurisdiction")).[1] Thus, a review of Defendant's brief reveals its knowledge that the action, at this time, does not meet the jurisdictional amount in controversy requirement.

---

[1] Defendant's argument implies that it is entitled to remove a case in which it knows that the amount in controversy does not exceed $75,000, and then cure this defect by thereafter setting forth a claim which may raise the amount of controversy above the jurisdictional limit. Aside from this flawed reasoning, Defendant's request to amend its Answer, set forth in a brief in opposition to a motion by Plaintiff to remand, is procedurally improper and the Court does not deem this request to constitute a proper motion to amend by Defendant.

Plaintiff's Reply brief (Doc. 15) agrees with VFG that Simpson Glen is an indispensable party. Plaintiff therefore states that it intends to amend its Complaint to include Simpson Glen as a named-defendant (*id.* at 3). Stroudsburg Borough asserts that Simpson Glen is a Pennsylvania non-profit corporation, and therefore, because Plaintiff is a citizen of Pennsylvania, when the pleadings are amended by the parties, complete diversity would no longer exist. (*See id.* at 4-10). In support of its position that Simpson Glen is a citizen of Pennsylvania, Plaintiff filed the deed to the property at issue which identifies the "Grantees" as "VFG-LaBAR, LLC., a New Jersey Limited Liability Company" and "SIMPSON GLEN, a Pennsylvania Non-Profit Corporation, having its principal corporate office at 175 Strafford Avenue, Suite 314, Wayne Pennsylvania." (Doc. 16). Plaintiff further filed of record the "Articles of Incorporation – Domestic Nonprofit Corporation" for Simpson Glen, obtained from the Pennsylvania Corporation Bureau. (Doc. 17).

### III. ANALYSIS

Pursuant to 28 U.S.C. § 1332,

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States. . .

28 U.S.C. § 1332(a)(1). Here, Plaintiff does not dispute that the parties in the operative complaint are citizens of different states. Instead, Plaintiff argues that the amount in controversy set forth in the Complaint does not exceed $75,000 and therefore that the action must be remanded to the Court of Common Pleas of Monroe County. (Doc. 9, at 2, 3).

3

"Removal statutes are to be strictly construed, with all doubts to be resolved in favor of remand." *Brown v. Jevic,* 575 F.3d 322, 326 (3d Cir. 2009) (citing *Batoff v. State Farm Ins. Co.,* 977 F.2d 848, 851 (3d Cir. 1992)). *See also, Sikirica v. Nationwide Ins. Co.,* 416 F.3d 214, 219 (3d Cir. 2005) ("The statute governing removal, 28 U.S.C. § 1441, must be strictly construed against removal."). "It is now settled in this Court that the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot,* 507 F.3d 188, 193 (3d Cir. 2007) (citing *Samuel-Bassett v. KIA Motors Am., Inc.,* 357 F.3d 392 (3d Cir. 2004)).

The rule for determining whether a case involves the requisite jurisdictional amount is "whether 'from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount.'" *Samuel-Bassett,* 357 F.3d at 397 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289 (1938)). "The Supreme Court has long held that plaintiffs may limit their claims to avoid federal subject matter jurisdiction." *Morgan v. Gay,* 471 F.3d 469, 474 (3d Cir. 2006) (citing *St. Paul Mercury Indem. Co.,* 303 U.S. at 294). Nonetheless, "where the plaintiff has not specifically averred in the complaint that the amount in controversy is less than the jurisdictional minimum . . . the case must be remanded if it appears to a legal certainty that the plaintiff *cannot* recover the jurisdictional amount." *Frederico,* 507 F.3d at 197 (emphasis in original).

In determining the amount in controversy, a district court must look to "the plaintiff's complaint at the time the petition for removal was filed." *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002) (internal citations and quotation marks omitted), *abrogated on other grounds by Earl v. NVR, Inc.*, 990 F.3d 310 (3d Cir. 2021); *see also, Angus v. Shiley, Inc.*, 989 F.2d 142, 145 (3d Cir. 1993) ("The general federal rule is to decide the amount in controversy from the complaint itself."). "The court must measure the amount not by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Werwinski*, 286 F.3d at 666 (internal citations and punctuation marks omitted). Where a complaint "does not limit its request for damages to a precise monetary amount," the court must make "an independent appraisal of the value of the claim." *Angus*, 989 F.2d at 146.

>Here, in relevant part, Plaintiff's "Complaint in Equity" states that:

>Stroudsburg Borough Code Chapter 27 § 1405 "Remedies" permits the Borough to institute any appropriate action or proceeding to prevent the unlawful construction, maintenance or use o[f] any building, structure or land used in violation of this chapter; to restrain, correct or abate such violation and to prevent any illegal act, conduct, business or use in about such premises. The rights and remedies of this section are cumulative and are in addition to all other remedies provided by law.

>Stroudsburg Borough Code Chapter 27 § 1406 directs the Defendant to pay the Borough's Court Costs and reasonable attorney's fees upon entry of judgment in a civil proceeding for violating the Zoning Ordinance.

(Doc. 1-1, ¶¶ 19, 20). Plaintiff's Complaint further alleges that "[t]he Borough has expended significant legal fees and will continue to incur significant legal fees and court costs as a

5

result of VFG's failure to abide by the Borough's Zoning and IMPC Ordinances." (*Id.* at ¶ 26). The Prayer for Relief therefore requests, in addition to injunctive relief, that Defendant "pay reasonable costs incurred by the Borough's counsel upon petition of the Borough and in an amount as this Court determines appropriate upon hearing." (*Id.* at 7).

"Where the plaintiff in a diversity action seeks injunctive or declaratory relief, the amount in controversy is often not readily determinable. Under those circumstances, the amount in controversy is determined by the value of the object of the litigation." *Columbia Gas Transmission Corp. v. Tarbuck*, 62 F3d 538, 541 (3d Cir. 1995) (internal quotation marks omitted). See also, *In re Corestates Tr. Fee Litig.*, 39 F.3d 61, 65 (3d Cir. 1994) ("In injunctive actions, it is settled that the amount in controversy is measured by the value of the right sought to be protected by the equitable relief."). Here, the financial value of the injunction itself is not susceptible to calculation and the allegations set forth in the Complaint, as well as any evidence or arguments set forth by the parties, do not provide any basis for a determination as to the amount of controversy which emanates from the request for injunctive relief. In particular, the right that Stroudsburg Borough seeks to protect here is the enforcement of its own ordinances. *See e.g., Abington Twp. v. Crown Castle NG East LLC*, 2017 WL 57142, *3 (E.D. Pa. 2017) (where Township sought to prohibit Defendant from installing telecommunications poles, antennas and/or cellular nodes unless Defendant complied "with any and all applicable Township code[s]," the right the Township was seeking to protect was the right to enforce its own ordinances); *Schuylkill Twp. v.*

*CitySwitch, LLC*, 2009 WL 2018531, *4 (E.D. Pa. 2009) (where Township sought injunction enforcing local ordinances and preventing Defendant's tower from being erected, the "object of the litigation . . . is the Township's right to have its zoning ordinances enforced."). Because the Borough's right to enforce its own ordinances is not quantifiable, and any attempt to calculate the value of this right would be entirely speculative, the Court will not consider the value of this right in determining the amount in controversy.

However, the Court must consider the potential attorney's fees in determining whether the jurisdictional threshold amount is met in the present case.[2] *See e.g., Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997), *as amended* (Feb. 18, 1997) ("Although 28 U.S.C. § 1332 excludes 'interest and costs' from the amount in controversy, attorney's fees are necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action.").

Attorney McDonald's Affidavit, attached to the motion to remand, affirms that "[i]f the monetary remedy awarded in this case is $75,000 or more, I agree on behalf of the plaintiff, that it will remit all excess money damages to defendant." (Doc. 8, Ex. B, ¶ 2). Plaintiff states in its supporting brief that Solicitor McDonald's Affidavit confirms that the Solicitor is "seeking fees at a rate of $250 per hour but represent[s] that the total amount of the Borough's monetary claim will not reach the $75,000 jurisdictional limit" (Doc. 9, at 7). The

---

[2] Because 28 U.S.C. § 1332(a) makes clear that the $75,000 jurisdictional threshold is "exclusive of interest and costs", the Court will not take into consideration the potential amount of interests and costs to which Plaintiff may be entitled in determining whether the $75,000 jurisdictional threshold has been satisfied in this case.

7

Court construes Attorney McDonald's Affidavit in a manner consistent with the arguments and statements set forth by Plaintiff's counsel in the motion to remand and supporting brief. Thus, in accepting Plaintiff's assertions, the Court interprets Attorney McDonald's Affidavit as limiting Plaintiff's damages and as a waiver of attorney's fees, or other monetary remedies, in any amount that would cause the amount in controversy to exceed $75,000.

Therefore, upon review of the Complaint in Equity, Attorney McDonald's Affidavit limiting the monetary value of the Borough's claim to less than $75,000, and Defendant's tacit admission that, without the addition of Simpson Glen as a party to the present matter, the amount in controversy does not exceed $75,000, and because the Court must strictly construe removal statutes, with all doubts to be resolved in favor of remand, the Court finds that the action must be remanded to the Court of Common Pleas for Monroe County.[3]

## IV. CONCLUSION

For the aforementioned reasons, Plaintiff's Motion to Remand (Doc. 8) will be granted. A separate Order follows.

Robert D. Mariani
United States District Judge

---

[3] Because the Court looks only to the current pleadings, not those prospective pleadings the parties may file at a later time, and Plaintiff's motion to remand does not contest that the parties are citizens of different states in the operative complaint, the issue of lack of complete diversity need not be addressed. While Plaintiff is correct that the absence of complete diversity destroys diversity jurisdiction, remanding this action on that basis would be premature at this time, despite the parties' apparent agreement that Simpson-Glen should be a party to this case.